UNITED STATES of America,
Appellee,

v.

Taiwo OLADIPUPO, a/k/a "Oluranti
Oguntayo", Defendant–
Appellant.

Docket No. 03–1090.

United States Court of Appeals,
Second Circuit.

Argued Sept. 25, 2003.

Decided Oct. 9, 2003.

Steven M. Statsinger, The Legal Aid Society, Federal Defender Division Appeals Bureau, New York City, for Appellant.

Mitra Hormozi, Assistant United States Attorney, Eastern District of New York, Brooklyn, N.Y. (Roslynn R. Mauskopf, United States Attorney, Cecil C. Scott, Assistant United States Attorney, Eastern District of New York, Brooklyn, NY, of counsel), for Appellee.

Before: MESKILL, KATZMANN and RAGGI, Circuit Judges.

PER CURIAM.

Defendant-appellant appeals from the sentence imposed by the United States District Court for the Eastern District of New York, Gershon, *J.*, after a guilty plea. He argues that the court erroneously applied an obstruction of justice enhancement under the sentencing guidelines.

We affirm.

This appeal requires us to consider whether an obstruction of justice enhancement under the sentencing guidelines is appropriate where an alien attempting illegal reentry first provides a passport under one alias and then, upon questioning, provides a second alias in an attempt to prevent officials from discovering his true identity as a convicted and deported felon. We hold that the enhancement is warranted under these circumstances.

## BACKGROUND

On July 14, 2002, defendant-appellant Taiwo Oladipupo (Oladipupo), who had previously been deported after his conviction for committing a violent felony, attempted to enter the United States at John F. Kennedy International Airport. When he presented himself for inspection, he produced a British passport in the name of "Paul Larkin." Suspecting that the passport photograph had been tampered with, Immigration and Naturalization Service (INS) officials questioned Oladipupo regarding his identity. At this point, he changed his story and claimed in a sworn affidavit that his real name was "Michael Laws." He further claimed that a friend had lent him the "Paul Larkin" passport because he was awaiting his real passport's arrival in the mail. The affidavit also contained extensive false information regarding the "Michael Laws" identity.

Unable to find the name "Michael Laws" in their databases or to generate a fingerprint match, INS officials faxed Oladipupo's fingerprints to the FBI. After searching its records, the FBI informed the INS officials of Oladipupo's true identity, criminal history, incarceration, and deportation. INS records then revealed that Oladipupo had not obtained permission from the Attorney General of the United States to return to the country after his deportation.

Oladipupo pleaded guilty to illegal reentry after deportation subsequent to conviction for an aggravated felony, in violation of 8 U.S.C. §§ 1326(a), (b)(2), in the Eastern District. Over his objection, the district court imposed a two-level obstruction of justice enhancement pursuant to U.S.S.G. § 3C1.1. The court explained that the purpose of Oladipupo's second set of lies in the false sworn affidavit "was to avoid detection [t]hat he had, in fact, been illegally attempting to enter the United States" when he presented the "Paul Larkin" passport. The sole issue raised on appeal is whether the district court improperly applied this enhancement.

## DISCUSSION

Oladipupo first argues that the district court erroneously relied on conduct that was part of the actual offense as the basis for the enhancement because he presented both identities in an attempt to illegally reenter. Some support for Oladipupo's argument is found in case law from two other circuits holding that conduct that is part of the underlying offense may not serve as the basis for an obstruction of justice enhancement. *See United States v. Clark*, 316 F.3d 210, 212–13 (3d Cir.2003); *United States v. Lloyd*, 947 F.2d 339, 340 (8th Cir.1991).

In this case, however, we need not reach this issue because Oladipupo's obstructive conduct was not part of the underlying offense conduct. "The offense of illegal entry or illegal attempt … is complete as soon as the entry or attempt is made." *United States v. Rivera–Ventura*, 72 F.3d 277, 281 (2d Cir.1995). That is, the moment Oladipupo handed INS officials the "Paul Larkin" passport in an attempt to enter the United States illegally, his crime was complete. The INS officials' failure to discover his true identity until

sometime later is irrelevant.[1] As the district court found, Oladipupo's subsequent misrepresentation, in which he claimed to be "Michael Laws," was made "to avoid detection." This sufficiently establishes his "specific intent to obstruct justice." *See United States v. Hernandez,* 83 F.3d 582, 585 (2d Cir.1996).

Oladipupo also argues that, even if the "Michael Laws" lies were distinct from the offense conduct, the enhancement would be barred by Application Note 5(a) to § 3C1.1, which instructs that "providing a false name or identification document at arrest" cannot serve as the basis for an obstruction of justice enhancement "except where such conduct actually resulted in a significant hindrance to the investigation or prosecution of the instant offense." U.S.S.G. § 3C1.1 n. 5(a).

However, Oladipupo did considerably more than simply give a false name or identification document; he submitted a fairly detailed affidavit, containing extensive information pertaining to the "Michael Laws" identity. He lied about his country of citizenship, his date of birth, his criminal history, the presence of family members in the United States, his past visits to the United States, and the purpose of his instant visit. Therefore, Application Note 5(a) is inapplicable by its own terms.

## CONCLUSION

Accordingly, we affirm the judgment of conviction and the sentence imposed.

---

1. To accept Oladipupo's argument that the crime of attempted illegal entry is not complete until the true identity is discovered would require us to hold that regardless of how many alternative identities he had produced, or how long it took INS officials to discover his true identity, the obstruction enhancement would still be inappropriate. We are unwilling to do so.