UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

————————————

August Term, 2010

(Argued: February 10, 2011                              Decided: February 25, 2011)

Docket No. 09-3129-ag

————————————

DHANMATTIE BEEKHAN, also known as Singh Leena,

*Petitioner*,

v.

ERIC H. HOLDER JR., United States Attorney General,

*Respondent*.

————————————

Before:  POOLER and HALL, *Circuit Judges*, and BIANCO, *District Judge*.[*]

Petition for review of a June 22, 2009 order by Immigration and Customs Enforcement ("ICE") reinstating Petitioner's January 29, 1997 order of exclusion.  We hold that ICE did not err in reinstating Petitioner's order of exclusion because, even if we consider Petitioner's post-Order affidavit that she entered the United States using another person's passport, Petitioner is an alien who reentered the United States illegally after having been removed.  Petition denied.

————————————

Andres C. Benach, Duane Morris LLP, Washington, D.C., *for Petitioner*.

Puneet Cheema and Daniel E. Goldman (*on the brief*), *for* Tony West, Assistant Attorney General, U.S. Department of Justice, Washington, D.C, *for Respondent*.

———————————

[*] The Honorable Joseph F. Bianco, of the United States District Court for the Eastern District of New York, sitting by designation.

PER CURIAM:

In January 1997, Beekhan, a native and citizen of Guyana, was ordered removed from the United States and was physically removed. In February 1997, Beekhan reentered the United States.

About ten years later, Beekhan applied for adjustment of status to lawful permanent resident, stating that she had entered the United States without inspection along the Canadian border. After interviewing Beekhan, U.S. Citizenship and Immigration Services ("USCIS") found that Beekhan was "a previously deported alien who entered the United States without authorization from the Attorney General" and transferred Beekhan into the custody of Immigration and Customs Enforcement ("ICE"). On June 22, 2009, ICE reinstated Beekhan's prior removal order. ICE found that Beekhan was an alien subject to a prior order of exclusion, who was removed in January 1997 and later illegally reentered the United States. Beekhan received written notice of these findings and signed the form provided by ICE, choosing not to make a statement contesting ICE's determination.

On July 15, 2009, Beekhan sent a letter to ICE, requesting that ICE vacate its June 22, 2009 reinstated order of removal. Beekhan enclosed in the letter a signed affidavit stating that she reentered the United States in 1997 with another person's passport that she purchased from a smuggler. Beekhan argued that this conduct did not constitute an illegal reentry into the United States for the purposes of reinstating a prior removal order. ICE granted Beekhan a 6-month stay of removal but did not otherwise respond to her letter.

On July 22, 2009, Beekhan petitioned this Court for review of ICE's reinstatement order, arguing in part that (1) ICE erred by failing to consider Beekhan's affidavit sent after the reinstatement order; (2) ICE erred by failing to include the affidavit in the administrative record; and (3) an evidentiary hearing is necessary, for purposes of due process, to determine whether

-2-

Beekhan is eligible for reinstatement because the relevant facts are disputed. We need not resolve these questions. Even if Beekhan's affidavit were considered as part of the administrative record and fully credited, Beekhan would remain eligible for reinstatement of removal.

Under the Immigration and Nationality Act, a prior order of removal shall be reinstated "[i]f the Attorney General finds that an alien has reentered the United States illegally after having been removed or having departed voluntarily, under an order of removal." 8 U.S.C. § 1231(a)(5).

Petitioner argues that knowingly using another person's passport to reenter the United States is not an illegal reentry under the INA's reinstatement provision, *id.* § 1231(a)(5). We reject this argument. Under the INA, 8 U.S.C. § 1326(a), an alien who was removed and reenters the United States without the Attorney General's express consent, using a passport that is not her own, commits an illegal reentry. *E.g.*, *United States v. Rodriguez*, 416 F.3d 123, 124-25 (2d Cir. 2005) (requiring intent to reenter United States but not knowledge of permission requirement); *United States v. Oladipupo*, 346 F.3d 384, 385-86 (2d Cir. 2003). The same is true for the INA's reinstatement provision. 8 U.S.C. § 1231(a)(5). An alien is eligible for reinstatement of her prior removal order if she was removed and reenters the United States without the Attorney General's express consent, using a passport that is not her own.

We have considered Petitioner's remaining arguments and find them to be without merit. For the foregoing reasons, we **DENY** the petition for review.