11-939-cr
United States v. Romano

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 3rd day of July, two thousand twelve.

Present:     ROSEMARY S. POOLER,
             DEBRA ANN LIVINGSTON
                     *Circuit Judges*,
             BRIAN M. COGAN,[*]
                     *District Judge*.

_____

UNITED STATES OF AMERICA,

                              *Appellee*,

                   -v.-                                              11-939-cr

MATTHEW C. ROMANO,

                              *Defendant-Appellant*.

_____

Appearing for Appellant:     Michael A. Korchak, Office of Carman M. Garufi (David Saul
                             Hammer, Law Office of David S. Hammer, New York, N.Y., *on
                             the briefs*), Binghamton, N.Y.

Appearing for Appellee:      Anthony Vitarelli, Attorney, Criminal Division, United States
                             Department of Justice, Washington, D.C. (Richard S. Hartunian,
                             United States Attorney, Kevin Dooley, Assistant United States
                             Attorney, Northern District of New York, Syracuse, N.Y.; Lanny
                             A. Breuer, Assistant Attorney General, John D. Buretta, Deputy
                             Assistant Attorney General, Criminal Division, United States
                             Department of Justice, Washington, D.C., *on the brief*).

_____

[*] The Honorable Brian M. Cogan of the United States District Court for the Eastern District of New York, sitting by designation.

Appeal from a judgment of the United States District Court for the Northern District of New York (McAvoy, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Defendant-appellant Matthew C. Romano was convicted of seventeen counts of mail fraud, in violation of 18 U.S.C. § 1341, following a jury trial. He was sentenced principally to forty-eight months' imprisonment. Romano now appeals from his conviction and sentence. On appeal, Romano asserts that the district court erred in six respects, discussed herein. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

Romano first argues that the district court erred by denying his motion to dismiss the indictment without granting discovery on his vindictive prosecution claim. Romano did not preserve this issue for review; before the district court, he moved to dismiss the indictment based only on double jeopardy, not on vindictive prosecution. We therefore review only for plain error. Under the plain error standard, the appellant must demonstrate that: "(1) there is an error; (2) the error is clear or obvious, rather than subject to reasonable dispute; (3) the error affected the appellant's substantial rights, which in the ordinary case means it affected the outcome of the district court proceedings; and (4) the error seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." *United States v. Marcus*, 130 S. Ct. 2159, 2164 (2010) (internal quotation marks omitted). "Error is plain if it is so egregious and obvious as to make the trial judge and prosecutor derelict in permitting it, despite the defendant's failure to object." *United States v. Brown*, 352 F.3d 654, 664-65 (2d Cir. 2003) (internal quotation marks omitted).

There are two essential elements of a claim of actual vindictiveness: "the defendant must show that (1) the prosecutor harbored genuine animus toward the defendant, or was prevailed upon to bring the charges by another with animus such that the prosecutor could be considered a 'stalking horse,' and (2) the defendant would not have been prosecuted except for the animus." *United States v. Sanders*, 211 F.3d 711, 717 (2d Cir. 2000) (internal quotation marks and alteration omitted). To obtain discovery, a defendant "must provide some evidence tending to show the existence" of these elements. *Id.* (internal quotation marks omitted).

Romano presented insufficient evidence of either essential element of vindictive prosecution to allow us to conclude that the district court plainly erred in failing to order discovery *sua sponte*. As to the first element, Romano identified only a "potential motive" for animus, which is insufficient even to merit discovery, *see Sanders*, 211 F.3d at 718 ("It would be too easy for defendants to obtain discovery on vindictive prosecution claims if all that was required was to identify a potential motive for prosecutorial animus."), and, in any event, fails to demonstrate that the state prosecutor "prevailed upon" the federal prosecutor to file federal charges. As to the second element, Romano offered no evidence that the federal prosecutors would not have filed charges but for the state prosecutor's animus; indeed, it is undisputed that the federal investigation into Romano's actions began before the state had filed charges. We therefore affirm the district court's denial of discovery.

Romano next argues that the district court erred with respect to three pretrial evidentiary rulings. Finding no abuse of discretion, we affirm the district court's rulings. First, the exclusion of the testimony of Romano's martial arts expert did not violate Romano's constitutional right to present a defense, as the gravamen of the excluded testimony—that a knife wound could be caused by a third person rather than self-inflicted—was not beyond the jurors' knowledge. *Cf. Washington v. Schriver*, 255 F.3d 45, 60 (2d Cir. 2001).

Second, the district court did not abuse its discretion in admitting the testimony of prosecution expert Dr. Michael Baden. "The admission of expert testimony is committed to the broad discretion of the District Court and will not be disturbed on review unless found to be manifestly erroneous." *United States v. Wexler*, 522 F.3d 194, 204 (2d Cir. 2008) (internal quotation marks omitted). The absence of scientific testing to support Dr. Baden's theory that Romano's injury was self-inflicted does not render the admission of his testimony an abuse of discretion. While expert opinion testimony should be excluded when the opinion is "based on data, a methodology, or studies that are simply inadequate to support the conclusions reached," an expert is not required to "back his or her opinion with published studies that unequivocally support his or her conclusions." *Amorgianos v. Nat'l R.R. Passenger Corp.*, 303 F.3d 256, 266 (2d Cir. 2002). Here, Dr. Baden's years of experience in forensic pathology, examining victims of knife wounds, allowed him to testify as to the nature and cause of a knife wound. *See McCullock v. H.B. Fuller Co.*, 61 F.3d 1038, 1043 (2d Cir. 1995) (holding that admission of doctor's testimony as to cause of an injury was not an abuse of discretion even though the doctor "could not point to a single piece of medical literature that says glue fumes cause throat polyps," because "the doctor's background as a specialist in ear, nose, and throat ailments was "sufficient to permit his expert testimony on a throat ailment and its causes").

Third, the district court did not abuse its discretion in denying Romano's motion to exclude the unredacted interview transcript under Rule 403 of the Federal Rules of Evidence. "Rule 403 determinations command especial deference because the district court is in the best position to do the balancing mandated by Rule 403." *United States v. Al Kassar*, 660 F.3d 108, 123 (2d Cir. 2011) (internal quotation marks omitted). Thus, "so long as the district court has conscientiously balanced the proffered evidence's probative value with the risk for prejudice, its conclusion will be disturbed only if it is arbitrary or irrational." *United States v. Awadallah*, 436 F.3d 125, 131 (2d Cir. 2006). Here, the district court did conscientiously balance the probative value and risk for prejudice, and its ruling was neither arbitrary nor irrational.

Romano next argues that the district court erred in refusing to grant a mistrial after witness Herbert Buckley testified that he had thought an investigator was calling to tell him that Romano "wasn't stabbed at all by somebody else." We review the denial of a motion for a mistrial for abuse of discretion. *United States v. Deandrade*, 600 F.3d 115, 118 (2d Cir. 2010). Here, the district court promptly issued a curative instruction. We must assume a jury will follow a curative instruction "unless there is an overwhelming probability that the jury will be unable to follow the court's instructions, . . . and a strong likelihood that the effect of the evidence would be devastating to the defendant." *United States v. Elfgeeh*, 515 F.3d 100, 127 (2d Cir. 2008) (omission in original) (internal quotation marks omitted). Romano has not demonstrated either that there was an overwhelming probability that the jury would be unable to follow the instruction or that the evidence was likely to be devastating to Romano.

3

Finally, Romano argues that the district court's application of a two-level increase for obstruction of justice under United States Sentencing Guidelines § 3C1.1 constituted impermissible "double counting" because the allegedly obstructive conduct underlying the enhancement was the same conduct underlying his mail fraud conviction. Romano did not make this objection below, so we review only for plain error. "We typically will not find [plain] error where the operative legal question is unsettled, including where there is no binding precedent from the Supreme Court or this Court." *United States v. Whab*, 355 F.3d 155, 158 (2d Cir. 2004). Here, there is no dispute that the "operative legal question" is unsettled; we expressly declined to decide this precise issue—whether "conduct that is part of the underlying offense may . . . serve as the basis for an obstruction of justice enhancement"—in *United States v. Oladipupo*, 346 F.3d 384, 385 (2d Cir. 2003).

We may notice plain error even in the absence of direct precedent from this Circuit or the Supreme Court in an "exceedingly rare" case, if "other circuits have uniformly taken a position on an issue that has never been squarely presented to this Court," *Whab*, 355 F.3d at 158, but other circuits have taken a less uniform position on this question than Romano suggests. *Compare United States v. Clark*, 316 F.3d 210, 213 (3d Cir. 2003) (holding that conduct alleged in the indictment could not also form the basis for an obstruction increase), *with United States v. Sabino*, 307 F.3d 446, 451 (6th Cir. 2002) (holding that obstructive conduct alleged in tax evasion indictment supported an obstruction increase because the obstructive conduct not only impeded the collection of revenue *but also* presented the "separate and distinct" harm of obstructing the administration of justice in the courts). Given the unsettled state of the law, we cannot conclude that the district court plainly erred in applying the obstruction increase.

We have reviewed the remainder of Romano's arguments and found them to be without merit. Accordingly, the judgment of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4